

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Panagiotis Pelekis,

                      Plaintiff,

-against-

SeaFood of the Gods Group, LLC d/b/a SeaFood of the Gods, David Smith, and Helen Fradelakis, *jointly and severally*,

                      Defendants.

17-CV-09245 (KHP)

**ORDER OF DISMISSAL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This matter is before me on the parties' joint application to approve the parties' settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), to the extent it waives claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

**I.    Facts**

Defendant SeaFood of the Gods Group, LLC d/b/a SeaFood of the Gods ("SeaFood of the Gods") is a limited liability company in New York and is a wholesale fish distributor. Defendants David Smith and Helen Fradelakis were members of SeaFood of the Gods and supervised Plaintiff throughout his employment. Plaintiff Panagiotis Pelekis was employed as a delivery employee at Seafood of the Gods. His duties included picking up fish from the Hunts Point Market in Bronx, New York, and delivering the fish to SeaFood of the Gods' clients. The Complaint in this case alleged that: (1) Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions; (2) Defendants failed to compensate Plaintiff in accordance with the New York Labor Law ("NYLL") and New York State Department of Labor's

overtime provisions; (3) Defendants failed to provide Plaintiff with spread of hours pay on each day when his spread of hours exceeded ten; (4) Defendants failed to furnish Plaintiffs with accurate wage notices at hire containing all of the criteria required under the NYLL; and (5) Defendants failed to provide Plaintiff with wage statements indicating Plaintiff's regular rate of pay, basis of pay, and overtime rate of pay.  The Complaint sought recovery of: (1) overtime compensation for unpaid hours worked; (2) unpaid spread of hours pay; (3) statutory damages for failure to provide a wage notice and wage statements; (4) liquidated damages and any statutory penalties recoverable under the FLSA and NYLL, including civil penalties for willful violations; (5) pre-judgment and post-judgment interest; and (6) costs, including attorneys' fees.  Defendants dispute Plaintiffs' allegations and dispute that Plaintiffs worked the number of hours claimed.

Were the trier of fact to credit all of Plaintiff's allegations, Plaintiff's maximum recovery for his FLSA and NYLL claims would be $82,224.24, including liquidated damages, interest, and statutory penalties for failure to provide wage rates and accurate wage statements. Defendants denied Plaintiff's allegations and maintain that Defendants' records show that Plaintiff never worked more than 40 hours in any week.  Defendants asserted that even if Plaintiff ever worked more than 40 hours in a given week, his salary was intended to compensate him for all of his hours of work, not merely the first 40 hours per week. Defendants also claimed that Plaintiff was not eligible for spread of hours pay because Plaintiff was paid above the minimum wage at all times.

In an effort to reach an early resolution of Plaintiff's claims, the parties engaged in arms-length negotiations before a neutral third-party mediator and ultimately reached a settlement.

## II.     Settlement Terms

Under the terms of the settlement, Defendants will pay a total settlement of $35,000. Defendants will pay a lump sum of $6,200 within 21 days following approval of the settlement agreement by the Court.  The remaining amount will be paid in equal monthly installments of $1,200 over 24 months.

The settlement agreement provides for a mutual general release of all claims. Assuming the Court approves the settlement agreement, the parties stipulate to dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41"). The settlement agreement states that the Court shall retain jurisdiction over this matter solely to enforce the parties' settlement.

## III.    Approval of the FLSA Settlement

The FLSA sets forth the minimum wage and overtime that an employee must be paid, as well as specific exemptions from its requirements.  The U.S. Supreme Court recognized that the statute was designed to protect "certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  Since then, courts have recognized the unique policy considerations underlying the FLSA and the importance of deterring employers from exerting undue pressure on low wage employees to compromise valid wage claims.  Citing these concerns, the Second Circuit has held that settlements of FLSA claims in which the parties terminate the action through a stipulation of dismissal pursuant to Rule 41 require approval of the district court or the U.S. Department of Labor to take effect.  *Cheeks*, 796 F.3d at 206.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve *bona fide* disputes." *Johnson v. Brennan*, No. 10-cv-4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citations omitted); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (parties must demonstrate settlement is "fair and reasonable").

There are five factors relevant to an assessment of the fairness of an FLSA settlement including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). The settlement here satisfies these criteria.

First, Plaintiff's maximum recovery is based on factual assumptions that Defendants contest regarding the amount of hours Plaintiff worked, the pay that Plaintiff received, and Defendants' obligations under the law. If Defendants succeeded in establishing that Plaintiff's assumptions are too high and incorrect, Plaintiff's ultimate recovery would be far less than the amount of damages he currently claims. Defendants also contend that their actions or omissions with respect to the Plaintiff were made in good faith and with a reasonable belief that such conduct comported with the FLSA and the NYLL, thereby foreclosing much of Plaintiff's alleged entitlement to liquidated damages. Finally, Defendants assert that some of

the Defendants are not proper parties to the claims as some of the Defendants were not the Plaintiff's employer.  In short, Plaintiff faced substantial legal and factual risks on his claims.  Nonetheless, the settlement amounts to approximately 43% of Plaintiff's alleged damages under Plaintiff's best-case scenario of the facts of this case.  Thus, the settlement represents a fair compromise given Plaintiff's range of possible recovery.

With respect to the second and third factors, the settlement will entirely avoid the burden, risks, expenses, and aggravation of continued litigation.  Given the factual disputes in this case, the parties faced substantial additional litigation costs and risks associated with additional discovery, motion practice, and trial.  These costs and risks are fully avoided by settlement.

Fourth, both parties are represented by counsel with experience in wage and hour litigation.  The settlement was reached after mediation before a third-party neutral mediator, which raises a "presumption that the settlement achieved meets the requirements of due process."  *Johnson*, 2011 WL 4357376, at *8.  It is clear from this Court's review of the parties' submissions that the settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud.

The settlement agreement is consistent with terms approved by courts in the Second Circuit and does not contain any terms that would require disapproval.  Finally, the settlement agreement provides that one-third of the total net settlement amount will be paid to Plaintiffs' counsel as a contingency fee and costs.  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *See Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-cv-814

(RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015) (citing *Thornhill v. CVS Pharm., Inc.*, No. 13-cv- 507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014)); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012).

In assessing the reasonableness of the proposed attorneys' fee allocation, the Court also considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Lead counsel in the Southern District of New York typically charge between $300 and $400 per hour in wage-and-hour cases, but courts in this district have approved hourly rates as high as $450. *Rodriguez-Hernandez v. K Bread & Co., Inc.,* No. 15-cv-6848 (KBF), 2017 WL 2266874, at *6 (S.D.N.Y. May 23, 2017) (collecting cases). A review of the time records submitted by Plaintiff's counsel indicates that she spent approximately 35 hours prosecuting this matter.[1] Thus, the attorneys' fee payment would result in reimbursement at a rate of less than $350 per hour – within a reimbursement rate approved by courts in this circuit. Therefore, the requested one-third fee amount is reasonable.

IV. Conclusion

For all the reasons set forth above, this Court approves the settlement in this matter. Accordingly, this action is dismissed with prejudice and without costs. The Court shall retain jurisdiction over this matter solely to enforce the parties' settlement.

**SO ORDERED.**

Dated: April 20, 2018
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge

---

[1] The 35.30 hours worked includes hours billed by two law clerks at a rate of $150 per hour each.