USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/01/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Panagiotis Pelekis,

                Plaintiff,

-against-

SeaFood of the Gods Group, LLC d/b/a SeaFood of the Gods, David Smith, and Helen Fradelakis, *jointly and severally*,

                Defendants.

17-CV-09245 (KHP)

**OPINION AND ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Panagiotis Pelekis commenced this action on November 26, 2017, raising claims pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law. (Dkt. No. 1.) Plaintiff and Defendants, SeaFood of the Gods Group, LLC ("SeaFood of the Gods") and David Smith, settled this action through counsel by executing a settlement agreement on March 29, 2018. (Dkt. No. 27, Ex. A.) Pursuant to the settlement, Defendants agreed to pay Plaintiff a total of $35,000.00 by making an initial lump payment of $6,200.00 and 24 monthly installments of $1,200.00.

      The settlement was secured by a Confession Judgment signed by Defendant Smith, pursuant to which Defendants Smith and SeaFood of the Gods would be jointly and severally liable to pay $47,000.00 (minus any settlement payments already made) if they breached the settlement agreement and failed to cure such breach within 10 days of receiving a notice to cure. The Confession Judgment also entitled Plaintiff to recoup statutory costs pursuant to 28 USC §§ 1920, 1921, 1923, and 1924.

On February 5, 2019, Plaintiff moved to reopen this action to obtain a default judgment against Defendant SeaFood of the Gods.[1] (Dkt. Nos. 23 and 27.) He claims that Defendants only made the initial lump sum payment of $6,200.00 in May of 2018 and five monthly payments of $1,200.00 from June through October of 2018. (*Id.*) In November of 2018, Plaintiff's counsel sent Defendants' counsel a 10-day Notice to Cure via email, as permitted by the settlement agreement, to request that Defendants continue making the agreed upon installment payments. (*Id.*) Plaintiff avers that Defendants did not cure the default and, to date, have only paid $12,200.00 of the $35,000.00 due pursuant to the agreement. (*Id.*)

Plaintiff now moves to enforce the settlement agreement and Confession Judgment, which he claims entitles him to recover $34,800.00 ($47,000.00 minus the $12,200.00 already paid by Defendants) plus statutory fees and costs and interest as of the date of judgment, against Defendants.

## DISCUSSION

1. **Subject Matter Jurisdiction**

The "enforcement of a settlement agreement requires its own basis for federal jurisdiction; in the absence of such a basis, a federal court retains jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." *Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 (ARR) (RLM), 2013 WL 2322834, at *4 (E.D.N.Y. May 28, 2013) (citing *Kokkonen v. Guardian Life. Ins. Co. of Am.,* 511 U.S. 375, 378–81 (1994)).

---

[1] Plaintiff's attorney testified on February 27, 2019 that Defendant Smith filed for bankruptcy and that Plaintiff will only be seeking to enforce a judgment against SeaFood of the Gods.

Here, both the settlement agreement (Dkt. No. 27, Ex. A) and this Court's Order of Dismissal expressly provide that the Court will retain jurisdiction over this action to enforce the terms of the settlement. (Dkt. No. 22.) Accordingly, this Court has jurisdiction to decide Plaintiff's motion and to enforce the underlying settlement agreement.[2]

**2. Motion to Enforce the Settlement**

"A settlement, once reached, is a binding contract, which is interpreted according to the principles of contract law." *Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015) (citing *Omega Eng'g, Inc. v. Omega, S.A.,* 432 F.3d 437, 443–44 (2d Cir.2005)). "Settlement agreements receive a 'presumption in favor of enforcement' and will not be disturbed by a 'change of heart' of one of the parties." *Id*. (citing *Renaissance Search Partners v. Renaissance Ltd., LLC,* No. 12–cv–5638, 2013 WL 6839039 (DLC)(SN), *2–3 (S.D.N.Y. Oct. 15, 2013)). "Contract terms should be interpreted according to their plain meaning in the absence of contractual ambiguity." *Id*. (citing *Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir.2010) and *Wayland Inv. Fund, LLC v. Millenium Seacarriers Inc.*, 111 F.Supp.2d 450, 454 (S.D.N.Y.2000)).

This Court reviewed the underlying settlement agreement and found that it entitles Plaintiff to recover a total of $47,000.00, plus statutory fees and costs, from Defendants SeaFood of the Gods and Smith in the event of default. (Dkt. No. 27, Ex. A.) Accordingly, the Court held a show cause hearing on February 27, 2019 to afford Defendants an opportunity to show why Plaintiff should not be permitted to enforce a judgment in the amount of $34,800.00

---

[2] This Court is authorized to issue a final opinion deciding Plaintiff's motion because the parties consented to proceed before me pursuant to 28 U.S.C. Section 636(c) and Federal Rule of Civil Procedure 73(b)(1). (*See* Dkt. No. 19.)

against them.  (Dkt. Nos. 24 and 28.)  Although Defendants' counsel appeared,[3] the named Defendants did not.  While Defendants' counsel objected to Plaintiff's claim for fees, costs, and post-judgment interest, Plaintiff's motion to enforce a judgment in the amount of $34,800.00 remained unopposed.

Accordingly, this Court finds that Plaintiff is entitled to collect $34,800.00 ($47,000.00 minus the $12,200.00 already paid by Defendants) from Defendant SeaFood of the Gods pursuant to the settlement agreement and Confession Judgment.  To the extent Plaintiff's counsel seek to recover fees, costs, and post-judgment interest, they are instructed to make an application.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to reopen this proceeding and to enforce the settlement agreement and Confession Judgment against Defendant SeaFood of the Gods (Dkt. No. 27) is GRANTED and a default judgment is hereby entered against Defendant SeaFood of the Gods in the amount of $34,800.00.  Defendant SeaFood of the Gods is directed to pay Plaintiff $34,800.00, and the Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED.**

Dated: March 1, 2019
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[3] Defendants' counsel requested leave to file a motion to withdraw from this action, which is addressed in a separate order.